IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FILED
John E. Triplett, Clerk of Court
United States District Court
By loganherb at 3:43 pm, Apr 02, 2024

| | |
|---|---|
| **BROOKE CALL,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. CV424-62 |
| **JANUS RX LLC,** | ) |
| **Defendant.** | ) |

## PLAINTIFF'S ORIGINAL COMPLAINT

Now comes Plaintiff Brooke Call, by and through counsel, and for her Complaint against Defendant Janus RX LLC (hereinafter "Defendant") states and alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this lawsuit to remedy Defendant's violation of the Fair Labor Standards Act ("FLSA") to recover from the Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. §201 et seq., and under the provisions of 29 U.S.C. §§206, 207.

## THE PARTIES

2. At all times relevant, Plaintiff Call was a citizen of the United States and a resident of Chatham County, Georgia.

3. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

4. Defendant Janus RX LLC is a foreign limited liability company licensed to do business in Georgia and may be served by delivering a copy of this Complaint to Defendant's Registered Agent for Service of Process Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

5. At all times relevant herein, Defendant was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1). At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and Defendant obtains and solicits funds from non-Georgia sources, accepts funds from non-Georgia sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Georgia, and otherwise regularly engages in interstate commerce.

6. The annual gross revenue of the Defendant is at all times material hereto in excess of $500.000.00 per annum, and/or Plaintiff, by virtue of working in interstate commerce, otherwise satisfies the FLSA's requirements. In performing her duties for Defendant, Plaintiff used goods and products that had been moved or produced in interstate commerce.

7. At all times relevant herein, Defendant was and is an employer within the meaning of 29 U.S.C. § 203(d).

8. Defendant is subject to the FLSA, 29 U.S.C. §204 and §207.

## FACTS

9. Plaintiff was employed by Defendant as a pharmacist with her last term of employment for purposes of this lawsuit from October 28, 2019 until January 12, 2024. For the purposes of this lawsuit the relevant look back period is from February 1, 2022 through January 12, 2024 ("Covered Period").

10. Plaintiff was paid on an hourly basis at a straight time rate for all hours worked.

11. Defendant classified Plaintiff as an exempt employee.

12. As a result of Plaintiff being paid on an hourly basis for hours worked, Plaintiff was not paid on a salary basis.

13. The salary basis test was therefore not met, and Plaintiff was eligible to receive overtime pay at a rate of time and one-half (1.5) for hours worked over forty (40) per week during the Covered Period.

14. Plaintiff was paid by Defendant at the regular rate for all hours worked over forty (40) per week during the Covered Period.

15. Plaintiff is therefore entitled to be paid the one-half (.5) for all hours worked over forty (40) per week during the Covered Period.

16. Defendant is in possession of the actual accurate daily hours worked by Plaintiff during the Covered Period.

17. Plaintiff was denied overtime pay.

## COUNT I - FAIR LABOR STANDARDS ACT
### (FLSA Overtime Violations)

18. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

19. At all times material hereto, Defendant failed to comply with the FLSA in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA, but no provision was made by the Defendant to properly pay Plaintiff at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

20. Defendant violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

21. Defendant has engaged in a series of unlawful acts, practices, policies, and procedures in violation of the FLSA, including refusing and/or failing to calculate and pay Plaintiff overtime wages as required by federal law.

22. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

23. Defendant knew or showed reckless disregard for its actions, policies, and/or omissions violated the FLSA.

24. Defendant's unlawful conduct directly and proximately caused Plaintiff to suffer damages for which she is entitled to judgment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered in her favor awarding the following relief:

A. Enter judgment awarding Plaintiff all overtime compensation for all hours worked over forty (40) in a workweek at the applicable time and a half rate; an equal amount of liquidated damages as the unpaid wages and overtime compensation as provided by 29 U.S.C. §216; pre-judgment interest pursuant to 29 U.S.C. §216; and costs, expert witness fees, and reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and

B. Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 2nd day of April, 2024.

**CHARLES HERMAN LAW**

/s/ Charles Herman
Charles Herman
Georgia Bar No. 142852
*Attorney for Plaintiff*

2 East Bryan Street, 4th Floor
Savannah, Georgia 31401
(912) 244-3999
(912) 257-7301 Facsimile
charles@charleshermanlaw.com